**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 N. Central Ave. #602**
**Phoenix, AZ 85012**
**888-595-9111**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **CARL FLETCHER AND KARLY FLETCHER**, | Case No. |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| vs. | **(breach of statutory and common law warranties)** |
| **WINNEBAGO INDUSTRIES, INC., AND LA MESA RV CENTER, INC. (YUMA),** | |
| Defendants. | |

## NATURE OF ACTION

1.     This is an action brought under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq* and state law.

## JURISDICTION AND VENUE

2.     Jurisdiction exists pursuant to 28 U.S.C. § 1331 because this cause involves a federal question pursuant to the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

3.     Jurisdiction is also conferred at 15 U.S.C. § 2310(d) as the amount in controversy exceeds fifty thousand dollars ($50,000.00). The amount in controversy

exceeds $50,000.00 in terms of the price of the Motor Home, including all collateral charges, diminished value of the Motor Home and incidental and consequential damages. That is, if Defendants were forced to accept return of the Motor Home, and received an offset for Plaintiffs' use, the total amount Defendants would have to return would exceed fifty thousand dollars. Likewise, even if Defendants were not ordered to accept return of the Motor Home, Plaintiffs' damages still exceed fifty thousand dollars as Defendants' limited remedy failed of its essential purpose, thereby entitling Plaintiffs to diminished value and incidental and consequential damages, including but not limited to cover, loss of use, aggravation and inconvenience, the sum total of which exceeds fifty thousand dollars.

4.     Supplemental jurisdiction also exists pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

5.     Plaintiffs, Carl Fletcher and Karly Fletcher ("Consumers"), are individuals who were at all times relevant hereto in the State of Arizona.

6.     Defendant, Winnebago Industries Inc. ("Full Warrantor"), is a foreign corporation authorized to do business in the State of Arizona and is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated Motor Homes and related equipment and services, such as written warranties.

7.     Full Warrantor supplies its products under its own brand name and provides services to the public at large through a system of authorized sales and repair/service centers ("authorized agents").

8.     Defendant, La Mesa RV Center Inc. (Yuma) ("Seller"), is a corporation authorized to do business in the State of Arizona, County of Maricopa and is engaged in the sale of commercial goods to the public, including service contracts.

## FACTUAL ALLEGATIONS

9.     On or about November 1, 2011, Consumers purchased from Seller a 2011 Winnebago Tour ("Motor Home"), constructed, integrated and supplied by Full Warrantor, Identification No. 4UZACUCY7BCAU3108. (*See* Retail Installment Contract, attached hereto as Exhibit "A.").

10.     Consumers' total financial commitment for this purchase was $348,123.20 inclusive of all collateral charges incurred at the time of purchase. (Exhibit A).

11.     In connection with Consumers' purchase of the Motor Home, Full Warrantor issued and supplied to Consumers its written warranty, which represented itself and was represented by Full Warrantor's authorized sales agents and advertisements as offering coverage on the entire Motor Home and all its parts, components and features, as well as other warranties fully outlined in Full Warrantor's warranty documents.

12.     Full Warrantor intended Consumers to view the fact the Motor Home was "warranted" as an assurance of the Motor Home's quality, thereby inducing Consumers' purchase.

13.     Consumers did not separately negotiate the purchase and construction of the Motor Home and its components with any entity other than Full Warrantor and its agents.

14.     Full Warrantor unilaterally selected, negotiated with and acquired all components for its Motor Home and then integrated said components into its final product, the Winnebago Tour, which it supplied to Plaintiffs as a fully completed and integrated product.

15.     Full Warrantor also modified various components in its final product, including but not limited to the chassis, thereby taking full responsibility for the entire final product, including but not limited to all parts it installed, supplied, and modified.

16.     After Consumers' purchase of the Motor Home, Full Warrantor completely disclosed the terms of its warranty; said terms were not an assurance of quality but rather attempted to limit Full Warrantor's warranty obligations to repair or replacement of defects in material and workmanship.

17.     Said warranty documents also contained various other terms not previously disclosed, negotiated or agreed to, including but not limited to limitations on damages for Full Warrantor's breach of warranty.

18.     By inducing Consumers' purchase with a warranty attempting to limit Full Warrantor's warranty obligations to nothing but repair or replacement of parts defective in material and workmanship, Full Warrantor was required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a reasonable opportunity/amount of time is the essential purpose of a warranty restricted to repair or replacement of defective parts.

19.     On or about the aforementioned date, Consumers took possession of the Motor Home.

20.    Shortly thereafter, Consumers experienced various defects and non-conformities within the same that diminish its value and/or substantially impair its use and value to Consumers.

21.    These defects include, but are not limited to the following:

    a.    Defective electrical system as evidenced by problems such as:

        i.    an inoperative back up camera;

        ii.    an inoperative ipod docking station;

        iii.    an inoperative satellite antenna;

        iv.    that the power bed will not move;

        v.    the inoperative slide out motors;

        vi.    an inoperative bathroom fan;

        vii.    the back up camera goes black;

        ix.    the inoperative kitchen fan;

        x.    the satellite does not pick up all stations;

        xi.    the inoperative power bed;

        xii.    the inoperative front light strip;

    b.    Defective interior components such as:

        i.    an inoperative television set;

        ii.    loose floor lights;

        iii.    doors that are out of adjustment;

        iv.    damaged interior tile;

        v.    improperly seated switches;

vi.     a couch release handle that fell off;

vii.    no ice or water in the refrigerator;

viii.   the missing speed cook tray for the microwave oven;

ix.     the missing table extension;

x.      the missing awning remote;

xi.     the missing storage containers;

xii.    the poor condition of the corian countertops;

xiii.   the dishwasher drawer will not stay closed;

xiv.    the rear TV lift is noisy and binding;

xv.     the floor lighting in the bedroom is coming loose;

xvi.    the compartment doors below the coach will not open

        correctly;

xvii.   the plastic bezel around the gas and brake pedals is broken

        and cracked;

xviii.  a leaking water filter;

xix.    the broken galley sink soap dispenser handle;

xx.     the roof A/C vents will not stay open when the A/C is on;

xxi.    the switches in the hallway control cabinet are not seated;

xxii.   the rear side panel by the bed is loose;

xxiii.  the TV lift switch is not seated at the wall;

xxiv.   the broken jack knife sofa release handle;

xxv.    the floor squeaks in front of the bed;

xxvi.   the driver compartment doors are hard to open;

xxvii.  the loud cracking sound at the driver window;

xxviii. the driver window shade rolls crooked;

xxix.   the tear on the passenger armrest;

xxx.    the bent refrigerator shelf;

xxxi.   the crooked sofa arm and control;

xxxii.  the driver armrest will not stay up;

xxxiii. the reclining sofa will not go up;

xxxiv. the poor finish on the rear bath corian wall;

xxxv.  the loose seal around the diesel door in the rear bath; and,

xxxvi. the loose center console;

c.    Defective exterior trim components as evidenced by the following:

i.      the main entry door does not close tightly;

ii.     the screen door slider is scratched

iii.    the roof vents will not stay open;

iv.     the step cover is binding and noisy;

v.      the loose driver mirror; and,

vi.     the passenger wiper blade has a poor swipe;

d.    Defective jacks as evidenced by the following:

i.      the rear jack will not go down;

ii.     an inoperative passenger rear power jack; and,

iii.    the Motor Home is not level in auto mode;

e.   Defective slide outs as evidenced by the following:

   i.   light shows through the kitchen and full wall slide outs when closed;

   ii.   inoperative power slide outs;

   iii.   the inoperative full wall slide lock; and,

d.   Any other complaints actually made, whether contained on Full Warrantor's invoices or not.

22.   For any defect repairable, Consumers provided Full Warrantor, through its authorized repair network and itself, a sufficient opportunity to repair the defects, non-conformities and conditions within the Motor Home and its components.

23.   Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, Full Warrantor failed to do so and thus its warranty failed of its essential purpose.

24.   Warrantor's failure to correct said defects violate Full Warrantor's statutory and common law duties to Consumers and the expectations created in its promotional documents and written warranty documents.

25.   Consumers aver that as a result of the ineffective repair attempts made by Full Warrantor, the Motor Home cannot be utilized as intended by Consumers at the time of acquisition and that the use and value of the Motor Home has been diminished and/or substantially impaired to Consumers.

26.     Consumers relied on Full Warrantor's product advertisements (written, verbal, electronic and/or otherwise) regarding the length and duration of Full Warrantor's warranty.

27.     Consumers also relied on Full Warrantor's sales agent's representations regarding the same when deciding to purchase the Motor Home, as well as statements and/or representations of general policy concerning customer satisfaction when deciding to purchase the Motor Home.

28.     Full Warrantor's written warranty fails to identify in a single document all warrantors other than itself.

29.     Full Warrantor's failure to identify in a single document all warrantors' other than itself constitutes an adoption of all other warranties as contemplated by 16 C.F.R. § 700.4.

30.     Full Warrantor knew that its written warranty did not warranty all component parts.

31.     Plaintiffs were at all relevant times ignorant that Full Warrantor excluded many/all components from its warranty.

32.     Nonetheless, Full Warrantor through its actions described herein intended Plaintiffs to believe it warranted the entire Motor Home including all component parts and/or Plaintiffs had a reasonable right to believe Full Warrantor warranted the entire Motor Home including all component parts because of Full Warrantor's actions.

33.     Full Warrantor's distribution of the product with promotional documents bearing its name only and identifying all the components in the Motor Home yet failing

to identify all other warrantors constitutes an affirmative representation that Full Warrantor was responsible for the Motor Home in its entirety and all components so identified.

34.    Full Warrantor's post-sale attempt to exclude components and responsibilities undertaken in pre-sale advertisements, documents, negotiations and representations are unconscionable, constitute a false promise or representation made in connection with the sale or advertisement of merchandise, and a deceptive warranty pursuant to 15 U.S.C. § 2310(c).

35.    Full Warrantor's written warranty is replete with limitations and disclaimers never make known to Consumers prior to sale.

36.    Full Warrantor's failure to disclose all its disclaimers and limitations prior to sale constitute a violation of 15 U.S.C. § 2302 and 16 C.F.R. § 702.3.

37.    Consumers provided Full Warrantor written notification of the defects within the Motor Home, Full Warrantor's statutory and common law violations, and Consumers' demand for compensation for the same on October 2, 2012.  See Notice Letter, attached hereto as Exhibit "B

38.    Full Warrantor refused Consumers' demand for compensation and has refused to provide Consumers with the remedies to which Consumers are entitled.

39.    Consumers have been and will continue to be financially damaged due to Full Warrantor's conduct as described herein.

40.    Consumers have met all obligations and preconditions as provided in Full Warrantor's warranty and by statute(s).

41.   As a direct and proximate result of Full Warrantor's and Seller's failure to comply with their statutory written warranties, statutory obligations, and common law duties, Consumers have suffered damages and, in accordance with 15 U.S.C. §2310(d) and A.R.S. §47-2608, Consumers are entitled to bring suit for such damages and other legal and equitable relief.

42.   Plaintiffs demand trial by jury on all issues so triable.

**CLAIMS ASSERTED**

**COUNT I**
**BREACH OF WRITTEN WARRANTY (15 U.S.C. §2301(6)) PURSUANT**
**TO THE MAGNUSON-MOSS WARRANTY ACT**
**FULL WARRANTOR**

43.   Plaintiffs hereby reincorporate by reference all of the preceding paragraphs.

WHEREFORE, pursuant to 15 U.S.C. §2310(d), Consumers pray for relief against Full Warrantor for its written warranty breach as follows:

a.   Return of all monies paid toward the Motor Home;

b.   Diminution in value damages;

c.   Any equitable relief to which Consumers may be entitled;

d.   Punitive damages levied against Full Warrantor for its deceptive actions herein;

e.   All attorney fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

f.   All other relief deemed just and appropriate by this Court.

**COUNT II**
**VIOLATION OF 16 C.F.R § 700.5**
**FULL WARRANTOR**

44.    Plaintiffs hereby reincorporate by reference all of the preceding paragraphs.

WHEREFORE, pursuant to 15 U.S.C. §2310(d), Consumers pray for relief against Full Warrantor for its violation of 16 C.F.R. § 700.5 as follows:

     a.    Return of all monies paid toward the subject Motor Home;

     b.    An award of diminution in value damages;

     c.    Any equitable relief to which Consumers may be entitled;

     d.    Punitive damages levied against Full Warrantor for its deceptive actions herein;

     e.    All attorney fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

     f.    All other relief deemed just and appropriate by this Court.

**COUNT III**
**VIOLATION OF 16 C.F.R. § 701.3**
**FULL WARRANTOR**

45.    Plaintiffs hereby reincorporate by reference all of the preceding paragraphs.

WHEREFORE, pursuant to 15 U.S.C. §2310(d), Consumers pray for relief against Full Warrantor for its violation of 16 C.F.R. § 701.3 as follows:

     a.    As an equitable remedy, that Full Warrantor be estopped from disclaiming liability for any component parts warranted by entities other than Full Warrantor; and,

b.     That Full Warrantor be held to have adopted any warranties on said components pursuant to 16 C.F.R. § 700.4.

## COUNT IV
## REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S.§47-2608
## SELLER

46.     Plaintiffs hereby reincorporate by reference all of the preceding paragraphs.

47.     Seller's tender of the Motor Home was substantially impaired to Consumers due to its own defects and non-conformities.

48.     Consumers accepted the Motor Home on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured and/or without discovery of such nonconformity wherein Consumers' acceptance was reasonably induced either by the difficulty of discovery before acceptance and/or by Seller's assurances.

49.     Consumers' revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Motor Home which is not caused by its own defects.

50.     Consumers have notified Seller of the revocation.

WHEREFORE, pursuant to A.R.S. §47-2608, Consumers pray for relief against Seller as follows:

a.     Allow Plaintiffs' to revoke acceptance of the Motor Home;

b.     Return of all monies paid towards the Motor Home;

c.    Pay all reasonable court costs and attorney fees pursuant to A.R.S.

§12-341.01; and,

d.    Any other relief deemed just and appropriate.

Respectfully submitted this 10th day of December, 2012

By: s/ Marshall Meyers
        Marshall Meyers (020584)
        WEISBERG & MEYERS, LLC
        5025 N. Central Ave. #602
        Phoenix, AZ 85012
        888-595-9111
        866 565 1327 facsimile
        mmeyers@AttorneysForConsumers.com
        Attorney for Plaintiffs

Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARL FLETCHER AND KARLY FLETCHER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| WINNEBAGO INDUSTRIES, INC., AND LA MESA RV CENTER, INC.) (YUMA), | ) |
| | ) |
| Defendants. | |

Personally appeared before the undersigned notary public, duly authorized to administer oaths in the State of Arizona, Carl Fletcher and Karly Fletcher, who, after being duly sworn, depose and state that the facts contained in the foregoing Complaint, as filed with the United Sates District Court for the District of Arizona, are true and correct based upon personal knowledge.

*Carl Fletcher*                    Dated: 12/7/2012

Carl Fletcher

1  *[signature]*                          Dated: 12/7/2012

2  Karly Fletcher

3

4  SUBSCRIBED and SWORN TO before me this 07 day of December, 2012.

5

6  *[signature]* Leslie Sommers

7  Notary Public

8

9

10

          LESLIE SOMMERS
          NOTARY PUBLIC - ARIZONA
          MARICOPA COUNTY
          My Commission Expires
          March 22, 2014

11 Print, type, or stamp commissioned nature of Notary Public

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28